# EXHIBIT B

DOCUMENT 39
Case 1:17-cv-00251-WS-N   Document 1-2   Filed 06/05/17   Page 2 of 7

ELECTRONICALLY FILED
5/1/2017 4:18 PM
02-CV-2016-000244.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| **MICHAEL COX,** | * |
| *Plaintiff,* | * |
| vs. | *    CASE NO. CV-2016-244 |
| | *    JURY DEMAND |
| **AIRGAS USA, LLC, GALISO, INC., DEFENDANT "A", DEFENDANT "B", DEFENDANT "C", DEFENDANT "D", DEFENDANT "E", ET AL.** | * |
| *Defendants.* | * |

### AMENDED COMPLAINT

**COMES NOW** the Plaintiff, **MICHAEL COX**, by and through counsel, and hereby amends his first amended Complaint, adding Defendant Galiso, Incorporated as a named defendant:

### I. PARTIES

1. The Plaintiff, **MICHAEL COX**, is an adult resident of Mobile County, Alabama.

2. The Defendant, **AIRGAS USA, LLC,** is believed to be a corporation doing business in Mobile County, Alabama.

3. Defendant **GALISO, INCORPORATED**, (hereinafter "Galiso") is a foreign corporation doing business in Mobile County, Alabama

### STATEMENT OF THE FACTS

4. On May 5, 2015, Airgas in Mobile County, Alabama employed Michael Cox.

5. At the time of his injury, Mr. Cox was acting within the line and scope of his job duties and responsibilities with Defendant Airgas. Part of Cox's responsibilities included working near the Galiso machinery within the Airgas facility.

6. The Galiso machine was designed to clean and dry cylinder tanks.

7. On the day of Mr. Cox's injury, he was working in the immediate area of the Galiso equipment while another employee operated the machine.

8. The Galiso machine inverted a cylinder to clean and dry.

9. On the day of the accident, when this process was done, the cylinder blew off the machine, hitting Cox in the head.

10. Cox underwent medical treatment for his injuries. He has incurred medical expenses related thereto and will incur medical expenses in the future. Cox is unable to perform some of his normal activities. He has lost income and his ability to earn income in the future has been compromised. Cox has suffered and will continue to suffer in the future, severe pain and mental anguish. He has suffered a permanent physical impairment and has been otherwise injured and damaged.

## II. COUNT ONE

11. On or about November of 2005, the Defendant, Airgas, Inc.. employed Plaintiff, under the direct supervision of Ken Barnett.

12. On or about May 5, 2015, while working within the line and scope of his employment, Plaintiff was caused to be injured while working when plaintiff was struck in the back of the head causing permanent injury.

13. At the time of said accident, Plaintiff had an average weekly earnings of $600.00 before taxes, plus overtime and fringe benefits.

14. The Defendant had timely and actual notice of said accident within the time specified by the Workers' Compensation Act of the State of Alabama.

15. As a proximate result of said accident, Plaintiff suffered a temporary disability to the body as a whole.

16. Subsequent to said injuries, Plaintiff was caused to obtain medical treatment, experienced a period of disability, which was followed by a permanent total disability of his person.

17. The Defendant has failed further to pay any other disability benefits to which the Plaintiff is entitled.

WHEREFORE, the Plaintiff demands judgment against the Defendant for compensatory and medical expenses to which the Plaintiff is entitled under the Workers' Compensation Law of the State of Alabama.

### Count Two
### AEMLD

18. Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

19. Defendant Galiso designed, manufactured, installed, distributed, sold, and assembled the subject machine, which is the subject matter of this lawsuit.

20. The subject machine was unreasonably dangerous and defective in that it created an unreasonable risk of serious injury or death to the intended user.

21. These Defendants reasonably expected the subject machine would be used, sold, installed or assembled in the manner or condition it was in at the time of the incident.

22. The subject machine was unreasonably dangerous by design and/or, manufacture. Additionally, the subject machine lacked adequate warnings to notify the intended users of a foreseeable hazard.

23. It was reasonably foreseeable to Defendant Galiso that an employee or other individual operating, servicing, and/or using the subject machine would have to work

near or around the area where Cox was at the time of the accident. Further, it was foreseeable that a cylinder could blow off, causing injuries once inverted.

24. The failure of the Defendants to eliminate the hazard and provide safety devices/guards and/or adequate warnings subjected Mr. Cox to an unreasonable risk of harm.

25. As a direct and proximate result of the defective condition of the subject machine, Plaintiff Michael Cox was severely injured as described in paragraph 10 above.

WHEREFORE, Plaintiff Cox demands judgment against Galiso in such an amount as a jury may award for compensatory and punitive damages, plus the costs of this action.

### COUNT THREE
### NEGLIGENCE

26. Plaintiff re-alleges all prior paragraphs of the Complaint as is set out here in full.

27. Defendant Galiso negligently failed to warn of the potential hazards associated with the use of this product and negligently failed to incorporate adequate safety guards and safety devices.

28. Defendant Galiso was negligent in the design, installation, and assembly of the subject machine by failing to incorporate adequate guards, safety devices, and/or warnings.

29. As a proximate result of the negligence of Galiso, Plaintiff Cox was severely injured as described in paragraph 10 above.

WHEREFORE, Plaintiff Cox demands judgment against Galiso in such an amount as a jury may award for compensatory damages, plus the costs of this action.

## COUNT FOUR
## WANTONNESS

30. Plaintiff re-alleges all prior paragraphs of the Complaint as is set out here in full.

31. Defendant Galiso wantonly failed to warn of the potential hazards associated with the use of this product and wantonly failed to incorporate adequate safety guards and safety devices.

32. Defendant Galiso was wanton in the design, installation, and assembly of the subject machine by failing to incorporate adequate guards, safety devices, and/or warnings.

33. As a proximate result of the wantonness of Defendant Galiso, Plaintiff Michael Cox was severely injured as described in paragraph 10 above.

WHEREFORE, Plaintiff Cox demands judgment against Galiso in such an amount as a jury may award for compensatory and punitive damages, plus the costs of this action.

## COUNT FIVE
## COMBINED AND CONCURRING CONDUCT OF ALL DEFENDANTS

34. Plaintiff re-alleges all prior paragraphs of the Compliant as is set out here in full.

35. The conduct of all Defendants combined and concurred to cause Plaintiff Michael Cox's injuries.

## JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES OF THE COMPLAINT EXCEPT WORKERS' COMPENSATION.

          */s/ Michael S. Wing*
          MICHAEL A. WING -WIN025
          401 Church St.
          Mobile, Alabama 36602
          (251) 433-7468 Fax (251) 432-3736
          graywing@michaelwing.com

## CERTIFICATE OF SERVICE

      I hereby certify that I have today, May 1, 2017, electronically filed the foregoing with the Clerk of the Court using the AlaFile system, which will send notification of such filing to the following:

Jim F. Oros, Jr. (ORO001)
*Oros & Associates*
2450 Valleydale Road
Birmingham, AL 35244
(205) 986-0070
jim@orosandwall.com


          */s/ Michael S. Wing*
           OF COUNSEL


## ADDED DEFENDANT MAY BE SERVED AT THE FOLLOWING ADDRESS:

**Galiso, Incorporated**
**22 Ponderosa Court**
**Montrose, CO 81401**